**FILED**

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

STEPHEN BURNETT, )
)
Plaintiff, )
)
v. )                    **No. CIV 12-158-RAW-SPS**
)
KATHY MILLER, et al., )
)
Defendants. )

## OPINION AND ORDER

Plaintiff has filed a motion of emergency injunction and notice of prison lockdown (Docket No. 41), requesting that the court order the defendants to provide him with his prescription medication for his heart condition. He also complains that his facility is on lockdown status, restricting his ability to access the mail room, get photocopies, and litigate.

Plaintiff alleges he was prescribed the following medications on December 12, 2011: (1) Pluviose, (2) Nitroglycerin, (3) Lopressor, (4) Prinivil, (5) Pravachol, (6) Naproxen, and (7) Hytrin. He normally is given a 30-day supply of his prescriptions to keep in his cell ("KOP" or Keep-on-Person medications), and during a lockdown the nurses deliver medications to the inmates in their cells. He is supposed to receive his KOP medications on Fridays. Plaintiff claims that on Friday, October 19, 2012, a nurse delivered medications to his cellmate, but the nurse had no prescriptions for plaintiff. He maintains that as of the mailing of his motion on or about October 26, 2012, he still was being denied his necessary prescriptions.

The defendants assert plaintiff received the following medications on October 31, 2012: (1) Acetaminophen 325 mg., 100 tablets; (2) Hytrin, 5 mg.; (3) Clopidogrel (Plavix) 75 mg., 30 tablets; (4) Lisinopril (Prinivil) 40 mg., 30 tablets; (5) Pravastatin (Pravachol) 40 mg., 30 tablets; and (6) Metoprolol (Lopressor) 50 mg., 60 tablets (Docket No. 44). According to the affidavit by Keith Kindrick, LPN, these medications are considered KOP medications, so a 30-day supply was provided. Because plaintiff received his medications, the defendants allege plaintiff's request for relief is moot.

Plaintiff replied to the defendants' response, admitting he received all but one of his prescriptions on October 31, 2012 (Docket No. 45). His longtime prescription for Naproxen was discontinued, and plaintiff asserts he is in the process of exhausting his administrative remedies for this change in treatment. He, however, wants the court to enjoin the defendants from any future denial of prescription medication, unless a medical doctor discontinues the medication.

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, ___ U.S. ___, 130 S.Ct. 2743, 2761 (2010). To be entitled to injunctive relief, the movant must establish a violation of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court addressed the Eighth Amendment prohibition against cruel and unusual punishment in the context of medical attention:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983. (Citations and footnotes omitted).

*Estelle*, 429 U.S. at 104-05. To the extent a plaintiff complains of a delay in his treatment, "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference *which results in substantial harm.*" *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)) (emphasis added).

With this standard in mind the court is of the view that the lapse in plaintiff's medications did not show deliberate indifference to his medical needs. He did not receive his allegedly "critical medication" from October 19, 2012, though October 30, 2012, a total of 12 days. He, however, does not contend he experienced any medical problems, let alone serious medical problems, from this failure to provide the prescriptions. The court, therefore,

2

finds plaintiff did not suffer a constitutional violation. The court further finds that because no effective relief for the failure to receive medication now can be granted, plaintiff's request for injunctive relief regarding the missed prescriptions is moot. *See In re Osborn*, 24 F.3d 1199, 1203 (10th Cir. 1994). In addition, plaintiff has failed to show there is a constitutional right to have a medical doctor make changes in prescription medications, so his request for injunctive relief with regard to that issue is not viable.

**ACCORDINGLY,** plaintiff's motion for an emergency injunction (Docket No. 41) is DENIED.

**IT IS SO ORDERED** this 5th day of December 2012.

Ronald A. White

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**